**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DONALD J. COON,

                            Plaintiff,

        - v -                                             Civ. No. 1:16-CV-291
                                                                    (TJM/DJS)

GEORGE BELL, *et al*.,

                            Defendants.

**APPEARANCES:**                                  **OF COUNSEL:**

DONALD J. COON
Plaintiff, *Pro Se*
2902 Tibbits Ave., Room 85
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Donald J. Coon. Dkt. No. 1, Compl. The Complaint relates a series of events in which Plaintiff alleges that numerous Defendants violated Plaintiff's civil rights. *See id.* Plaintiff has not paid the filing fee and submitted an Application to proceed *in forma pauperis*. Dkt. No. 2, IFP App. In an Order dated April 20, 2016, the Court granted Plaintiff's IFP Application. The Court now *sua sponte* reviews Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e).

### I. DISCUSSION

#### A. Legal Standard

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action *in forma pauperis*.

In reviewing a *pro se* complaint, a court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v.*

*Brown*, 335 F. App'x 102, 104 (2d Cir. 2009).

Furthermore, Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a clam for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of Rule 8 "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995)). Moreover, Rule 10 of the Federal Rules of Civil Procedure requires that a pleading set forth "its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." FED. R. CIV. P. 10(b).

A complaint that fails to comply with these Rules "presents far too heavy a burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of [the plaintiff's] claims," and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2 (citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Analysis

The Complaint recounts a scattered series of events in which Plaintiff alleges that numerous Defendants violated his constitutional rights. With due deference to Plaintiff's *pro se* status, the

Court herein summarizes the allegations in the Complaint.

Plaintiff alleges that Defendant George Bell, the chief of police in Cambridge and Greenwich, New York, made false statements about Plaintiff on several occasions. *See* Compl. at pp. 3-8. Plaintiff claims that Bell assisted in the preparation of two false child protective services complaints against Plaintiff. *Id.* at pp. 5-6. Plaintiff also claims that Bell and Defendant Claverack Insurance Company slandered him by accusing him of committing arson following a May 5, 2015 fire at his home. *Id.* at p. 4. Plaintiff further alleges that Bell arrested Plaintiff eleven times from May through September 2015. *Id.* at p. 6. Plaintiff was housed at Washington County Jail on three occasions and not provided with food or medical care. *Id.* at pp. 6-7. Plaintiff also alleges that several of the Defendants, including April Beasley-Irving, his doctor at Glen Falls Hospital, Anthony Jordan, the Washington County District Attorney, and two assistant district attorneys, discussed Plaintiff's private medical information openly in court proceedings. *Id.* at pp. 5 & 10-11.

Based on the foregoing, Plaintiff appears to assert claims for violations of his constitutional rights under 42 U.S.C. § 1983. *See id.* at p. 2. Liberally construed, the Complaint suggests causes of action for false arrest against Bell, malicious prosecution against the district attorney defendants, conditions of confinement based on his detainment at Washington County Jail, and violations of his right to confidentiality under the Fourteenth Amendment. *See id.* However, the Complaint is devoid of factual allegations to support any plausible claim for relief under any of those theories. Thus, for example, the Complaint alleges that Bell had Plaintiff falsely arrested eleven times; however, there are no allegations as to the circumstances of those arrests, much less anything suggesting that the arrests were without probable cause as necessary to support a claim for false arrest. Similarly, the Complaint references that Plaintiff's medical information was disclosed; however, it utterly lacks

allegations as to the circumstances under which the disclosure occurred and what information aws disclosed. More fundamentally, the Complaint fails to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and provide Defendants with adequate notice of Plaintiff's claims and enable them to respond. The scattered narrative in the Complaint makes it impossible to determine what legal claims Plaintiff seeks to pursue and the factual basis for those claims.

Accordingly, the Complaint fails to state a cause of action, and the Court recommends that it be dismissed. However, in light of Plaintiff's *pro se* status and because the Complaint suggests some causes of action that are not facially frivolous, the Court also recommends that Plaintiff be afforded the opportunity to submit an amended complaint, with the warning that failure to submit an amended complaint will result in dismissal of this action.

The Court advises Plaintiff that any amended pleading he submits must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph specifying (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff is further cautioned that no portion of prior Complaint shall be incorporated into his

amended complaint by reference. Any amended complaint submitted by plaintiff must set forth all of the claims he intends to assert against the defendants and must demonstrate that a case or controversy exists between the plaintiff and the defendants which plaintiff has a legal right to pursue and over which this Court has jurisdiction. If Plaintiff is alleging that the named defendants violated some other federal or state law, aside from 42 U.S.C. § 1983, he should specifically make reference to such laws.

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Complaint (Dkt. No. 1) be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) for failure to state a claim upon which relief may be granted; and it is further

**RECOMMENDED**, that in light of Plaintiff's *pro se* status, prior to any dismissal, Plaintiff be afforded an opportunity to amend his Complaint. In any amended complaint that Plaintiff files, he must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure and any other terms the Court deems proper. Plaintiff must also allege claims of misconduct or wrongdoing against Defendants that he has a legal right to pursue and over which this Court has jurisdiction; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: April 26, 2016
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge