**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

DONALD J. COON,

                            Plaintiff,

        - v -                                               Civ. No. 1:16-CV-291
                                                            (TJM/DJS)

GEORGE BELL, *et al*.,

                            Defendants.

**APPEARANCES:**                           **OF COUNSEL:**

DONALD J. COON
Plaintiff, *Pro Se*
2902 Tibbits Ave., Room 85
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      This matter returns to the Court for review of *pro se* Plaintiff Donald Coon's Amended Complaint in accordance with 28 U.S.C. § 1915(e). Dkt. No. 12, Am. Compl. In a Report-Recommendation and Order, dated April 26, 2016, this Court reviewed Plaintiff's original Complaint pursuant to 28 U.S.C. § 1915(e) and recommended that it be dismissed in its entirety for failure to state a claim, with leave to file an amended complaint. Dkt. No. 8, Rep.-Rec. & Order, dated Apr. 26, 2016. That recommendation was adopted by the Honorable Thomas J. McAvoy, Senior United States District Judge, and Plaintiff filed an Amended Complaint. Dkt. No. 11.

## I. DISCUSSION

      The Court stated the legal standards for review of a complaint under 28 U.S.C. § 1915(e) in its April 26, 2016 Report-Recommendation and Order, and will not restate them herein. Rep.-Rec.

& Order at pp. 1-3. The Court recommended dismissal of Plaintiff's original Complaint because it failed to comply with Rules 8 and 10 of the Federal Rules of Civil Procedure; specifically, the original Complaint recounted a scattered series of events, which made it impossible to determine which legal claims Plaintiff sought to pursue and the factual basis for those claims. *Id.* at pp. 4-5. The Court advised Plaintiff that any amended pleading he submitted must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. *Id.* at p. 5. Although Plaintiff attempts to comply with the Court's instructions in his Amended Complaint, the Amended Complaint contains many of the same deficiencies as the original Complaint.

The Amended Complaint alleges essentially the same series of events as the original Complaint. Plaintiff asserts violations of his constitutional rights pursuant to 42 U.S.C. § 1983. Primarily, Plaintiff alleges numerous incidents in which he claims that Defendant George Bell, the chief of police in Cambridge and Greenwich, New York, harassed him. Plaintiff asserts several occasions on which Defendant Bell arrested, detained, and caused him to be prosecuted without probable cause. Plaintiff alleges that Defendant Bell arrested him on May 15, 2015, June 20, 2015, August 5, 2015, and September 7, 2015. Am. Compl. at pp. 5-6. Plaintiff claims that these arrests were without probable cause. *Id.* In addition to these arrests, Plaintiff claims that Defendant Bell caused him to be detained on May 11 and May 13, 2015. *Id.* at p. 3. Plaintiff also appears to claim that Defendant Bell caused Plaintiff to be prosecuted for a improper motive. *Id.* at pp. 5-6. Plaintiff additionally names Anthony Jordan, the District Attorney of Washington County, and Devon Anderson, Assistant District Attorney, as Defendants to this malicious prosecution claim. Liberally construed, Plaintiff attempts to state claims for false arrest, false imprisonment, and malicious prosecution.

"Claims for false arrest or malicious prosecution, brought under § 1983 to vindicate the Fourth and Fourteenth Amendment right to be free from unreasonable seizures, are 'substantially the same' as claims for false arrest or malicious prosecution under state law." *Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003); *see also Kilburn v. Vill. of Saranac Lake*, 413 F. App'x 362, 363 (2d Cir. 2011) (stating that, under New York law, a false imprisonment "claim is identical to a false arrest claim"). "Under New York law, the elements of a false imprisonment claim are: '(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise privileged.'" *Singer v. Fulton Cty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) (quoting *Broughton v. State*, 37 N.Y. 2d 451, 456 (1975)). The elements of a malicious prosecution claim are "(1) the initiation of a proceeding, (2) its termination favorably to plaintiff, (3) lack of probable cause, and (4) malice." *Savino v. City of New York*, 331 F.3d 63, 72 (2d Cir. 2003) (quoting *Colon v. City of New York*, 60 N.Y.2d 78, 82 (1983)). Here, Plaintiff's false arrest claims against Defendant Bell, and malicious prosecution claims against Defendants Bell, Jordan, and Anderson, are completely conclusory. Plaintiff repeatedly claims that Defendant Bell "illegally arrested" him and pursued a "vendetta" against him. Am. Compl. at pp. 5-6. Aside from such legal conclusions, the Amended Complaint is devoid of factual allegations that plausibly suggest claims for false arrest, false imprisonment, and malicious prosecution. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, the Court recommends that these claims be **dismissed** pursuant to 28 U.S.C. § 1915(e).

Plaintiff also claims that Defendant Bell filed two false reports against him with child protective services, which accused Plaintiff of choking his eight-year old son. Am. Compl. at pp. 3-4. These reports were rejected by child protective services as unfounded. *Id.* Liberally construed,

Plaintiff might be attempting to state a claim that Defendant Bell violated his substantive due process right of custody. *See McCaul v. Ardsley Union Free Sch. Dist.*, 514 F. App'x 1 (2d Cir. 2013) ("It is well settled that parents have 'a constitutionally protected liberty interest in the care, custody and management of their children.'"). However, "[w]here there is no actual loss of custody, no substantive due process claim can lie." *Cox v. Warwick Valley Cent. Sch. Dist.*, 654 F.3d 267, 276 (2d Cir. 2011); *see also Phillips v. Cty. of Orange*, 894 F. Supp. 2d 345, 380 (S.D.N.Y. 2012) ("Plaintiffs have failed to state a viable claim that any of the actions taken by Defendants violated their substantive due process rights, for the simple reason that Plaintiffs never lost custody of [their child]."). Plaintiff does not allege that he was ever deprived of custody of his son, and therefore fails to state a claim. Thus, the Court recommends that Plaintiff's claim that Defendant Bell filed false reports against him be **dismissed** pursuant to 28 U.S.C. § 1915(e).

Next, Plaintiff accuses Defendant Bell of having "spread rumors" about him; specifically, Plaintiff alleges that Defendant Bell told adjusters from Defendant Claverack Insurance Company[1] that Plaintiff started a fire at his house, which caused the Insurance Company to deny his claim. Am. Compl. at pp. 2-3. Plaintiff claims that video footage shows the individual who vandalized and set fire to his house. *Id.* at p. 2. Liberally construed, Plaintiff might be attempting to make state law defamation and intentional interference with a contract claims. Again, however, Plaintiff's vague and conclusory allegations fail to plausibly state such claims. Accordingly, the Court recommends that Plaintiff's claims against Defendant Bell based on statements made to his Insurance Company be **dismissed**, pursuant to 28 U.S.C. § 1915(e).

---

[1] Plaintiff names Claverack Insurance Company as a Defendant to this action on the theories that they wrongfully denied his claim and defamed him by finding that he set fire to his own house. *See* Am. Compl. at pp. 2-3. However, the Amended Complaint lacks facts to plausibly state a claim for breach of contract or defamation against Claverack.

Plaintiff next alleges that, on August 5, 2015, while Plaintiff was in jail, Defendant Bell illegally entered his house, without a warrant, and destroyed his property. *Id.* at p. 6. Plaintiff states that Defendant Bell ripped up photographs, turned over boxes, and left the doors open, which caused weather damage. *Id.* "The Fourth Amendment protects individuals in their homes 'against unreasonable searches and seizures.'" *Lautman v. Vill. of Saugerties, N.Y.*, 2014 WL 1653189, at *5 (N.D.N.Y. Apr. 23, 2014). "A warrantless search is '*per se* unreasonable . . . subject only to a few specifically established and well-delineated exceptions.'" *United States v. Elliot*, 50 F.3d 180, 185 (2d Cir. 1995). In deference to Plaintiff's *pro se* status, the Court finds that his allegations are sufficient to state a Fourth Amendment claim and require a response from Defendant Bell. In recommending that the District Court require a response from Defendant Bell, the Court expresses no opinion as to whether this claim can survive a properly filed dispositive motion.

Finally, Plaintiff claims that, on September 7, 2015, Defendant Bell came to Plaintiff's house and assaulted him in the course of arresting him. Am. Compl. at p. 7. Plaintiff specifically claims that Defendant Bell hit him in the face with a shotgun. *Id.* "The Fourth Amendment protects individuals from the government's use of excessive force when detaining or arresting individuals." *Jones v. Parmley*, 465 F.3d 46, 61 (2d Cir. 2006). The Court finds that Plaintiff's allegations are sufficient to state an excessive force claim under the Forth Amendment against Defendant Bell, and therefore recommends that the District Court order Defendant Bell to respond to Plaintiff's allegations. In so finding, the Court expresses no opinion as to whether this claim can survive a properly filed dispositive motion.

The Amended Complaint also asserts a claim for deprivation of medical care at Washington County Jail, around June 15, 1015. *Id.* at p. 4. Plaintiff states that he had no food for eight days and

was not allowed to see his doctor outside of the facility; Plaintiff claims that he has had multiple surgical procedures, for which he required medical care. *Id.* Plaintiff admits that he saw doctors at the Jail seven or eight times. *Id.* Plaintiff also claims that he was deprived of medical care when he was later held at Washington County Jail on August 5, 2015 and September 16, 2015. *Id.* While Plaintiff names Sheriff Jeffrey Murphy as a Defendant to these claims, the Amended Complaint in no way alleges Defendant Murphy's personal involvement in the provision of medical care to Plaintiff. *See id.* "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 556 U.S. at 676. The Court therefore recommends that Plaintiff's claims against Defendant Murphy for denial of medical care at Washington County Jail be **dismissed** pursuant to 28 U.S.C. § 1915(e).

Plaintiff's remaining allegations are wholly conclusory. Plaintiff asserts claims against Defendant April Beasley-Irving, his doctor at Glenn Falls Hospital, and Defendants Jordan and Anderson, for allegedly disclosing his personal medical information. *See* Am. Compl. at pp. 3, 5, & 7. The Fourteenth Amendment contains a right to confidentiality protecting against the disclosure of personal medical information. *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir. 1994). "[T]he interest in the privacy of medical information will vary with the condition." *Powell v. Schriver*, 175 F.3d 107, 111 (2d Cir. 1999). "Confidential medical conditions are those that are 'excruciatingly private and intimate [in] nature' such as those 'likely to provoke . . . an intense desire to preserve one's medical confidentiality.'" *Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d 57, 64 (2d Cir. 2011) (quoting *Powell v. Schriver*, 175 F.3d at 111). As with the original Complaint, the Amended Complaint is wholly lacking any allegations as to what medical information was

disclosed. The only suggestion of the condition disclosed is Plaintiff's allegation that Defendant Jordan disclosed that he has "a small brain injury from [a] motor vehicle accident." Compl. at p. 5. This is insufficient to plead a Fourteenth Amendment right to confidentiality claim. *See Matson v. Bd. of Educ. of City Sch. Dist. of New York*, 631 F.3d at 66-67. Accordingly, the Court recommends that these claims be **dismissed** pursuant to 28 U.S.C. § 1915(e).

To the extent Plaintiff seeks to state a municipality liability claims against the Village of Cambridge and the Village of Greenwich, Plaintiff has not alleged any deprivation of constitutional rights stemming from a municipal policy or custom. *See Monell v. N.Y. City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978) (explaining that a municipality may not be held liable on a theory of respondeat superior). Accordingly, Plaintiff's claims against the Village of Cambridge and the Village of Greenwich should be **dismissed** pursuant to 28 U.S.C. § 1915(e).

The Amended Complaint also lists Kathleen Hogan, District Attorney for Warren County, the Glenn Falls Hospital Department of Security, and Tammy De Lorme, who works for Washington County Child Protective Services, as Defendants. The Amended Complaint contains no allegations suggesting causes of action against these Defendants and therefore they should be **dismissed** pursuant to 28 U.S.C. § 1915(e). *See Cipriani v. Buffardi*, 2007 WL 607341, at *1 (N.D.N.Y. Feb. 20, 2007) ("Dismissal is appropriate where a defendant is listed in the caption, but the body of the complaint fails to indicate what the defendant did to the plaintiff.").

## II. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that all claims, with the exception of Plaintiff's Fourth Amendment illegal search claim and Fourth Amendment excessive force claim against Defendant Bell, be

**DISMISSED** pursuant to 28 U.S.C. § 1915(e); and it is further

**RECOMMENDED**, that, because Plaintiff has failed to state a cause of action against them, Defendants Anthony Jordan, Devon Anderson, Kathleen Hogan, Sheriff Jeffrey Murphy, April Beasley-Irving, Tammy De Lorme, the Village of Cambridge, the Village of Greenwich, the Glenn Falls Hospital Security Department, and Claverack Insurance Company should be **DISMISSED** as Defendants to this action; and it is further

**RECOMMENDED**, that if the above recommendations are accepted, that this matter be referred back to this Court for an order directing service by the United State Marshal upon the surviving Defendant; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order on Plaintiff. Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: September 20, 2016
Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge