UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

DONALD J. COON,

        **Plaintiff,**

vs.              1:16-CV-291
                 (MAD/DJS)
KAREN BELL,

         **Defendant.**
_____

APPEARANCES:         OF COUNSEL:

**FREEMAN, HOWARD LAW FIRM**   **BRIAN P. HENCHY, ESQ.**
441 East Allen Street         **MATTHEW J. GRIESEMER, ESQ.**
P.O. Box 1328
Hudson, New York 12534
Attorneys for Plaintiff

**MURPHY BURNS LLP**       **THOMAS K. MURPHY, ESQ.**
407 Albany Shaker Road
Loundonville, New York 12211
Attorneys for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

  Plaintiff commenced this Section 1983 action on March 10, 2016, alleging that he was mistreated by police officers from the Village of Cambridge, New York. *See* Dkt. No. 1 at 2-14; Dkt. No. 85 at 1. The only remaining claim in this case is against Defendant Karen Bell, widow of George Bell, who Plaintiff alleges unlawfully searched his home and destroyed his personal property.[1] *See* Dkt. No. 98 at 3. Specifically, Plaintiff alleges that on August 3, 2015, George Bell, acting in his official capacity as the Police Chief for the Villages of Cambridge and

---

[1] Karen Bell was substituted as a Defendant on June 14, 2018, following the death of her husband. *See* Dkt. No. 71 at 1-3.

Greenwich, New York, illegally searched Plaintiff's shed and, with malice or reckless disregard, destroyed or damaged Plaintiff's personal property. *See id.*

A bench trial is scheduled for August 26, 2019. *See* Dkt. No. 97 at 1. In anticipation of the trial, Plaintiff has moved *in limine* for an order (1) allowing Plaintiff to testify as to the existence of photographs that have since been lost, (2) precluding Defendant from introducing evidence about an alleged incident of self harm, and (3) permitting Plaintiff to supplement discovery with twenty-nine color photographs that Plaintiff's counsel recently discovered. *See* Dkt. Nos. 98-1, 98-2, 98-3. Defendant argues that she is entitled to an adverse inference about the "purported evidence in this case as to the issues of liability and damages," and that the Court should deny Plaintiff's motions *in limine* and determine the admissibility of evidence at trial. *See* Dkt. No. 100 at 4. Plaintiff has not responded to Defendant's request for an adverse inference.

For the following reasons, Plaintiff's motions to testify about the lost photographs and to supplement discovery are granted. The Court reserves on the other motions until trial.

## II. DISCUSSION

**A.  Legal Standard**

The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. *See Luce v. United States*, 469 U.S. 38, 40 n.2 (1984); *see also Palmieri v. Defaria*, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion *in limine* only when the evidence is clearly inadmissible on all potential grounds. *See Baxter Diagnostics, Inc. v. Novatek Med., Inc.*, No. 94-CV-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). A court considering a motion *in limine* may reserve decision until trial so that the motion is placed in the appropriate factual context. *See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group*, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, the court is "free, in the exercise of sound judicial discretion, to alter a previous *in limine* ruling" at trial as

"the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." *Luce*, 469 U.S. at 41-42.

B.     **Lost Photographs**

Plaintiff requests that the Court "allow Plaintiff to testify at trial regarding the contents of certain photographs once in his possession that have since been lost." *See* Dkt. No. 98-1 at 1. Although Federal Rule of Evidence 1002 typically requires a party to present "[a]n original . . . photograph . . . to prove its content," *see* Fed. R. Evid. 1002, Rule 1004 carves out an exception that, "[a]n original is not required and other evidence of the . . . photograph is admissible if . . . all the originals are lost or destroyed, and not by the proponent acting in bad faith," *see* Fed. R. Evid. 1004.  Thus, "secondary evidence may be admitted in lieu of the original provided the original has not been lost, destroyed or become unavailable through the fault of the proponent and provided the [secondary evidence] does not otherwise appear to be untrustworthy." *United States v. Knohl*, 379 F.2d 427, 441 (2d Cir. 1967).

In this case, Plaintiff argues that the photographs have been "lost due to theft."  *See* Dkt. No. 98-1 at 1.  Judge Thomas J. McAvoy, Sr. addressed Plaintiff's ability to testify about the contents of the photographs in his April 22, 2019 Decision & Order.  *See* Dkt. No. 85 at 13-14 (stating that, "Defendants are correct that Plaintiff cannot produce the photographs that he alleged he saw which proved his claim about Bell.  They point to no rule of evidence, however, which would prevent Plaintiff from testifying as to what he saw on those photographs or from describing that material he says was destroyed or stolen while he was away from the property.  A jury may very well find Plaintiff incredible and reject all of his testimony, but questions of credibility are for the jury . . .").  Therefore, since there is no indication that the photographs were lost due to bad faith on Plaintiff's part, the Court will allow Plaintiff to testify as to the contents of the lost photographs.  *See, e.g.*, *United States v. O'Connor*, 650 F.3d 839, 862 (2d Cir. 2011) (allowing

testimony about the contents of a lost written note that was "misplaced" or "thrown out") (alterations omitted).

**C.      Adverse Inference**

Defendant requests an adverse inference in connection with Plaintiff's failure "to preserve purported evidence in this case as to the issues of liability and damages." *See* Dkt. No. 100 at 4. To secure spoliation sanctions based on the destruction or delayed production of evidence, Defendant must prove that (1) Plaintiff had an obligation to preserve or timely produce such evidence; (2) Plaintiff was at least negligent in destroying or failing to produce the evidence in a timely manner; and (3) the missing evidence is relevant to Defendant's claim or defense, such that a reasonable trier of fact could find that it would support that claim or defense. *See Byrnie v. Town of Cromwell, Bd. of Educ.*, 243 F.3d 93, 109-110 (2d Cir. 2001). "If these elements are established, a district court may, at its discretion, grant an adverse inference jury instruction insofar as such a sanction would 'serve . . . [the] threefold purpose of (1) deterring parties from destroying evidence; (2) placing the risk of an erroneous evaluation of the content of the destroyed evidence on the party responsible for its destruction; and (3) restoring the party harmed by the loss of evidence helpful to its case to where the party would have been in the absence of spoliation.'" *Chin v. Port Auth. of New York & New Jersey*, 685 F.3d 135, 162 (2d Cir. 2012) (quotation omitted).

Here, although Defendant argues that "[t]he evidence at trial will show that Plaintiff was, at best, negligent in failing to preserve purported evidence in this case," *see* Dkt. No. 100 at 4, Defendant has not identified what evidence she believes Plaintiff failed to preserve. To the extent Defendant is referring to the lost photographs discussed in the preceding section, the request is denied because Defendant has not proven that the photographs were lost due to Plaintiff's negligence and not, as Plaintiff claims, due to theft. To the extent Defendant is alleging that some

4

other evidence has been lost or destroyed, the Court will reserve on that issue until the motion can be placed in the appropriate context at trial. *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287.

**D.     Incident of Self Harm**

Plaintiff also requests an order precluding the introduction of testimony and evidence pertaining to an incident during which Plaintiff allegedly attempted to harm himself, arguing that the incident is irrelevant and prejudicial. *See* Dkt. No. 98-2 at 1. That incident, which took place on September 7, 2015, was the basis for an excessive force claim that Plaintiff brought against a prior Defendant, Police Officer Matthew Orton, which has since been dismissed.[2] *See* Dkt. No. 85 at 14-19. Defendant responds that the Court should not rule on the admissibility of that evidence until after Plaintiff testifies at trial, because "it cannot be known as to whether or not the evidence plaintiff seeks to preclude is relevant or the proper subject of inquiry on cross-examination by defendant." *See* Dkt. No. 101 at 1-2.

The "standard of relevance established by the Federal Rules of Evidence is not high." *United States v. Southland Corp.*, 760 F.2d 1366, 1375 (2d Cir. 1985). Rule 401 defines relevant evidence as evidence that has any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. "While the Rules of Evidence apply with equal force in jury and non-jury trials, courts often apply the relevance standard with little rigor during a bench trial." *Commerce Funding Corp. v. Comprehensive Habilitation Servs., Inc.*, No. 01-CV-3796, 2004 WL 1970144, *5 (S.D.N.Y. Sept. 3, 2004). The Second Circuit has noted that "the admission of evidence in a bench trial is rarely ground for reversal, for the trial judge is presumed to be able to exclude improper inferences from his or her own decisional analysis." *BIC Corp. v.*

---

[2] The September 7, 2015 incident is outlined in Judge McAvoy's April 22, 2019 Decision & Order, which granted summary judgment on the excessive force claim. *See* Dkt. No. 85 at 5-9.

*Far Eastern Source Corp.*, 23 Fed. Appx. 36, 39 (2d Cir. 2001) (citations omitted). Thus, while standards for admissible evidence are not "out the window entirely" in a bench trial, "all doubts at a bench trial should be resolved in favor of admissibility." *Dreyful Ashby, Inc. v. S/S "Rouen"*, 88-CV-2890, 1989 WL 151685, *2 (S.D.N.Y. 1989). Still, although "ordinarily it may be the more prudent course in a bench trial to admit into evidence doubtfully admissible records," the trial court has broad discretion in determining what evidence to admit. *Van Alen v. Dominick & Dominick, Inc.*, 560 F.2d 547, 552 (2d Cir. 1977) (finding no error where the district court excluded evidence as irrelevant after it became aware of the content and purport of the proposed evidence in the course of making its *in limine* ruling).

Having reviewed each party's version of what happened on September 7, 2015, the Court does not see how that evidence is relevant to an issue left for trial. The excessive force claim has been dismissed, and the events of September 7, 2015 do not tend to prove any fact that is of consequence to Plaintiff's only remaining claim: that George Bell unconstitutionally searched his home and destroyed his property on August 3, 2015. *See* Dkt. No. 98 at 3. Still, the Court agrees with Defendant that relevance cannot be determined until the Court hears Plaintiff's testimony at

trial. Accordingly, the Court reserves decision on the motion until trial.[3] *See Nat'l Union Fire Ins. Co.*, 937 F. Supp. at 287.

E.     **Supplemental Discovery**

Finally, Plaintiff requests permission to supplement discovery with twenty nine photographs that he claims are "relevant to his claim for damages sustained to his property as a direct result of defendant's alleged Fourth Amendment violation." *See* Dkt. No. 98-3 at 1. Local Rule 16.1(f), mirroring Fed. R. Civ. 16(b), requires that scheduling orders and any deadlines instituted therein be "strictly enforce[d]." N.D.N.Y. L.R. 16.1(f); *see also* Fed. R. Civ. 16(b). Moreover, Local Rule 16.2 clearly defines "discovery cut-off" as "that date by which all responses to written discovery, including requests for admissions, shall be due according to the Federal Rules of Civil Procedure," and warns that "[d]iscovery requests that call for responses or scheduled depositions after the discovery cut-off will not be enforceable except by order of the Court for good cause shown." N.D.N.Y. L.R. 16.2.

Magistrate Judge Daniel J. Stewart set the discovery deadline in this case to August 31, 2018. *See* Dkt. No. 71 at 3. Plaintiff's request to supplement his discovery responses was submitted on August 12, 2019, almost one year after discovery cut-off and on the eve of trial,

---

[3] Plaintiff also argues that the evidence should be excluded under Rule 403 because "the possibility of unfair prejudice and confusion resulting from testimony and evidence pertaining to the incident of self-harm substantially outweighs the complete lack of probative value associated therewith." *See* Dkt. No. 98-2 at 2. Although the Court has reserved on the motion, Plaintiff is reminded that "[t]he standard for prejudicial impact is different for a bench trial rather than a trial by jury." *Asphalt Workers Union 1018 of Laborers Int'l Union of N. Am. v. Falzone*, No. 05-CV-2336, 2011 WL 13294637, *2 (E.D.N.Y. Mar. 30, 2011) (citations omitted) (admitting exhibits where the relevance was "limited" because "they are still probative"); *see also Victoria's Secret Stores Brand Mgmt., Inc. v. Sexy Hair Concepts, LLC*, No. 07-CV-5804, 2009 WL 959775, *8 n.4 (S.D.N.Y. Apr. 8, 2009) ("In the context of a bench trial, . . . there is no possibility of prejudice"); *Refinemet Int'l Co. v. Eastbourne N.V.*, 815 F. Supp. 738, 740 (S.D.N.Y. 1993) (noting that "the law favors admission of evidence in non-jury trials"), *aff'd*, 25 F.3d 105 (2d Cir. 1994).

which is scheduled to begin on August 26, 2019. *See* Dkt. No. 98-3 at 3. "The Magistrate's Scheduling Order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *LaFlamme v. Carpenters Local No. 370 Pension Plan*, 220 F.R.D. 181, 186 (N.D.N.Y. 2003), *aff'd*, 127 Fed. Appx. 3 (2d Cir. 2005) (quotation omitted). Still, Plaintiff argues that he should be allowed to supplement discovery because he litigated this case *pro se* until May 13, 2019, so "assigned counsel had no opportunity to participate in discovery or have any strategic input on the case prior to the time of trial." *See* Dkt. No. 98-3 at 1. The fact that Plaintiff was *pro se* during discovery does not invalidate the discovery deadline. *See Valentine v. Museum of Modern Art*, 29 F.3d 47, 50 (2d Cir. 1994) ("[A]ll litigants, including pro ses, have an obligation to comply with court orders"). Nevertheless, Plaintiff intends to introduce only one other exhibit at trial, which is a photograph of his shed dated March 31, 2015, and claims that the new photographs are relevant to the issue of damages. *See* Dkt. No. 98 at 4. Accordingly, the Court will grant Plaintiff some leeway, and allow him to supplement discovery with the additional photographs.[4] *See* Dkt. No. 99 at 1-29.

Defendant argues that Plaintiff is not actually seeking permission to supplement his discovery responses, "as that has essentially now been done, but, rather, . . . [is] seeking a declaration from the Court that the underlying materials are admissible at trial." *See* Dkt. No. 101

---

[4] Despite the Court's decision to allow Plaintiff to supplement discovery, the Court notes that this particular *pro se* Plaintiff is a frequent litigant and, as such, should have known how to comply with the discovery deadline. *See Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) (holding that extremely litigious *pro se* plaintiffs do not get the benefit of lenient treatment normally afforded to *pro se* litigants, since such individuals are "quite familiar with the legal system"). As Magistrate Judge Stewart noted in his June 14, 2018 Decision and Order, as of 2014, Plaintiff had filed forty-seven cases in state or federal court, twelve of which were filed in the Northern District of New York. *See* Dkt. No. 72 at 4 (citing *Davidson*, 32 F.3d at 31) (other citations omitted); *see also Coon v. Southwestern Vermont Med. Ctr.*, No. 2:13-CV-182, 2014 WL 4925115, *5, 8-10 (D. Vt. Sept. 30, 2014) (granting the defendant's vexatious-litigation motion and documenting Plaintiff's extensive experience litigating in state and federal court).

at 2. The Court agrees with Defendant that the photographs' admissibility "will be dependent upon the proper foundation for admissibility being established at trial by plaintiff." *See id.* Accordingly, the Court reserves decision on this issue until such evidence is offered at trial.

### III. CONCLUSION

After carefully reviewing the parties' submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's Motion *in Limine* to Allow Plaintiff to Testify Regarding Contents of Photographs That Have Been Lost (Dkt. No. 98-1) is **GRANTED**; and the Court further

**ORDERS** that Plaintiff's Motion to Supplement Discovery Responses (Dkt. No. 98-3) is **GRANTED**; and the Court further

**ORDERS** that Defendant's request for an adverse inference about the lost photographs (Dkt. No. 100) is **DENIED**, and **RESERVES** decision on Defendant's request for an adverse inference about other lost evidence; and the Court further

**RESERVES** decision on Plaintiff's Motion *in Limine* to Preclude Testimony and Evidence Pertaining to an Alleged Incident of Self-Harm (Dkt. No. 98-2); and the Court further

**RESERVES** decision on the admissibility of the photographs produced in supplemental discovery (Dkt. No. 99); and the Court further

**ORDERS** that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 22, 2019
      Albany, New York

*Mae A. O'Agostino*
Mae A. D'Agostino
U.S. District Judge